# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KEVIN BRIAN,

       *Plaintiff*,

v.

STEVEN T. MNUCHIN,

       *Defendant*.

No. 18-cv-00351 (RDM)

## MEMORANDUM OPINION

Upon consideration of Plaintiff's complaint, Dkt. 1, and his subsequent filings, Dkt. 3 & Dkt. 4, the Court concludes that Plaintiff has not alleged sufficient facts to establish subject-matter jurisdiction. Accordingly, the Court will sua sponte dismiss the case without prejudice.

"A party seeking relief in the district court must plead facts that bring the suit within the court's jurisdiction or risk dismissal of the action." *Hargrave v. Wash. Hosp. Ctr.*, 657 F. Supp. 2d 19, 21 (D.D.C. 2009) (citing Fed. R. Civ. P. 8(a) & 12(h)(3)) (internal citations omitted). "Although 'a *pro se* complaint is held to a less stringent standard than other complaints,' a *pro se* plaintiff still 'bears the burden of establishing that the Court has subject matter jurisdiction.'" *Duru v. Mitchell*, 289 F. Supp. 3d 112, 116 (D.D.C. 2018) (quoting *Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011)). The Court has the obligation to police its own jurisdiction and may dismiss a case sua sponte where its jurisdiction has not been established. *See Stephenson v. Sessions*, No. 18-629, 2018 WL 5722701, at *1 (D.D.C. 2018); *Achagzai v. Broad. Bd. of Governors*, 170 F. Supp. 3d 164, 173 (D.D.C. 2016); Fed. R. Civ. P. 12(h)(3).

Plaintiff's complaint lacks facts from which the Court can ascertain a basis for either its federal question or diversity jurisdiction. First, Plaintiff has not alleged any facts that assert a

basis for the Court's federal question jurisdiction under 28 U.S.C. § 1331. Plaintiff's complaint and subsequent filings mention various federal statutes, including tax laws, and Plaintiff has attached to his complaint a notice of a penalty charge from the IRS, but the complaint is devoid of any factual assertions from which the Court might ascertain how the cited laws may have been violated or why the cited penalty charge may have been unlawful. *See Duru*, 289 F. Supp. 3d at 116 (dismissing complaint for failure to allege facts that would allow it to determine whether it had subject-matter jurisdiction). Second, although Plaintiff alleges that he resides in Arizona, and has sued Steven Mnuchin, who he alleges resides in Washington, D.C., Plaintiff alleges an amount in controversy of only $15,000, Dkt. 1 at 3, which does not meet the $75,000 threshold to establish diversity jurisdiction under 28 U.S.C. § 1332(a).

Accordingly, the Court will **DISMISS** the case without prejudice.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date: October 8, 2019